(March 30, 1911.)

## P. A. McGUIRE, Appellant, v. GRANGEVILLE SAVINGS & TRUST CO., Respondent.

[115 Pac. 18.]

ORDER GRANTING NEW TRIAL—SUFFICIENCY OF EVIDENCE.

(Syllabus by the court.)

1. Evidence in this case examined and considered and *held* that there was no abuse of the discretion vested in the trial court in granting a new trial.

APPEAL from the District Court of the Second Judicial District, for the County of Idaho.   Hon. Edgar C. Steele, Judge.

Action for debt.   Judgment for plaintiff, and on motion a new trial was granted by the trial court.   Appeal from the order granting a new trial.   *Affirmed.*

J. M. McDonald, for Appellant.

The trial judge has abused his discretion in granting a new trial in this case.   (*Dennison v. Willcut,* 3 Ida. 793, 35 Pac. 698; *Union etc. National Bank v. Gillespie,* 137 U. S. 411, 11 Sup. Ct. 118, 34 L. ed. 724.)

Where there is conflicting testimony in the case, and the trial court, having seen and heard the witnesses, concludes there would be a miscarriage of justice by the verdict of the jury, he should grant a new trial.   (*Jones v. Campbell,* 11 Ida. 752, 84 Pac. 510.)

W. N. Scales, for Respondent.

"The rule that where there is a substantial conflict in the evidence the verdict of a jury or findings of the court will not be set aside on appeal does not apply to a trial court on application for a new trial."   (*Jones v. Campbell,* 11 Ida. 752, 84 Pac. 510; *Jacksha v. Gilbert,* 4 Ida. 738, 44 Pac. 555;

*Brossard v. Morgan,* 6 Ida. 479, 56 Pac. 163; *Buckle v. Mc-Conaghy,* 12 Ida. 733, 88 Pac. 100.)

### STATEMENT OF FACTS.

The appellant by his complaint alleges the incorporation of respondents; that about the —— day of January, 1909, he sold to Frye & Bruhn, Inc., of Seattle, Washington, through its agent, J. H. Blackburn, now deceased, some livestock of the value of $445.87, of which $25 was to be paid at the time of the purchase, and the balance, $420.87, at the time of delivery of the stock; that the stock was received by one A. J. Logsdon as agent for Frye & Bruhn, Inc., acting also as agent for Blackburn and respondent in making payment therefor about January 20, 1909; that Frye & Bruhn, Inc., furnished said Blackburn the sum of $600 to make the partial payment of stock sold by appellant, and stock received from other parties near the same time, which money was deposited with respondent; that when the said stock was so delivered to said agent of Frye & Bruhn, Inc., the said Logsdon deposited with the respondent the amount due the different persons so delivering stock for shipment to Frye & Bruhn, Inc., in drafts, totaling $2,084.24, which, with the $600 theretofore advanced and deposited with respondent, completed the payment for said stock and the commission of said Blackburn; that the sum of $445.87 is the amount of money belonging to appellant so received by said respondent for the use and benefit of appellant, and respondent refuses to pay the same and appellant prays judgment for said sum with interest from January ——, 1909, and costs.

The respondent denies specifically each material allegation of the complaint.

The action was tried before the court with a jury and on September 24, 1910, the jury found for the appellant in the sum of $445.87, upon which verdict judgment was rendered for appellant on said last-named date.

Upon a statement of the case prepared by respondent and specification that the evidence was insufficient to justify the verdict, the case came on to be heard before the judge of the

second judicial district on respondent's motion for a new trial on January 21, 1910, and on February 9, 1910, the said judge made an order granting said motion.    The appeal is from said order.

WOODS, District Judge.    (After stating the facts.)—This appeal was prosecuted from an order of the Honorable Edgar C. Steele, judge of the second judicial district, granting respondent a new trial upon the ground that the evidence in said action is insufficient to justify the verdict of the jury.

We have examined the evidence in this case as contained in the record, and it appearing therefrom that there was no abuse of discretion upon the part of the trial court in granting the motion for a new trial, the order made in the premises should be affirmed.    It is therefore directed that the order granting a new trial be and the same is hereby *affirmed.* Costs awarded to respondent.

Sullivan, J., concurs; Ailshie, Presiding J., took no part in the decision.